■ In the Matter of IRVING KLEIN, Suing on Behalf of Himself, and All Others Similarly Situated, Appellant, v. NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent.— Judgment, Supreme Court, New York County, entered on August 23, 1973, affirmed, without costs and without disbursements. Concur — Markewich, J. P., Murphy and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: The petitioner is an owner and operator of a taxi licensed by the Taxi and Limousine Commission of the City of New York. He received a letter from the commission enclosing "required forms for the reporting of your annual financial information to this Commission" with the covering legend: "Failure to furnish this report will result in non-renewal of your license under Local Law 12 of 1971." The financial information requested covers, in various subdivisions, his costs of operation. It is contended on behalf of the commission that this information is necessary and mandated — and the court at Special Term concurred — by chapter 65 (§ 2303, subd. b, pars. 7, 8; § 2304, subds. c, d) of the New York City Charter in order to be able to fix taxi fare rates in the City of New York. The peti-

tioner in this article 78 proceeding contends, and it is not disputed, that the requirement of reporting was limited to owner-drivers and did not apply to others in the taxi business, such as fleet groups. It is the contention of the commission that due process would be afforded with a hearing prior to denying renewal of any license even though the questionnaire is not completed. The recent decision of the Court of Appeals in Myerson v. Lentini Bros. Mov. & Stor. Co. (33 N Y 2d 250, 260) has the following comment: "The slim showing made to support inquisitorial action directed against Lentini, if allowed to justify the broad subpoena issued in this or in future cases, might too easily subject innocent parties to administrative abuse." With this in mind, I cannot concur in the dismissal of the petition here. If the taxi industry requests a rate increase, it may well have the obligation of presenting financial information to justify it, but to require individual owner-drivers to make all of their financial information available on pain of losing their license, is an arbitrary and unreasonable demand.